UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60571-CIV-COHN

PORT EVERGLADES LAUNCH SERVICE, INC.,
d/b/a CAPE ANN TOWING & SALVAGE,

Magistrate Judge Seltzer

    Plaintiff,

vs.

M/Y "SITUATIONS," its engines, tender,
tackle, equipment, furnishings, and
appurtenances, *in rem*, and SITUATIONS OF
NORTH CAROLINA, LLC, its owner, *in personam*,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTION TO EXCLUDE EXPERT TESTIMONY

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Exclude Expert Testimony [DE 30], Defendants' Response in Opposition [DE 41], and Plaintiff's Reply [DE 43] in support of the Motion.  The Court has carefully considered the motion, response, reply, and is otherwise fully advised in the premises.  The motion became ripe on December 17, 2010.

I.  BACKGROUND

Plaintiff filed this action to enforce its maritime lien for salvage services rendered to the vessel called "M/Y Situations" on Sunday morning, June 21, 2009.  This case began with Plaintiff's response to a call for rescue from the Fort Lauderdale Marine Police, who in turn had responded to a witness' call that the M/Y Situations was sinking behind a private home in Fort Lauderdale.  Complaint, §§ 7-10.  Plaintiff responded and placed four high-capacity, gasoline powered pumps on the sinking vessel in order to stabilize the vessel above the waterline.  Id., § 21.  After starting to pump out the water

that had accumulated in the vessel, Plaintiff's personnel observed oil in the water and deployed pollution containment boom to mitigate any potential damage.  Id., §§ 22-25. Plaintiff sufficiently refloated the Situations to allow for towing and transport to a marina. Id., §§ 27-31.  Plaintiff claims that its work led to the prevention of a total loss to the vessel.  Plaintiff's Complaint seeks a salvage award of $187,510.00.  Defendants deny that Plaintiff is entitled to such an award.  This action is before the Court on admiralty jurisdiction, meaning the Court will be the trier of fact if the case goes to trial.

## II.  DISCUSSION

Plaintiff seeks in the present motion to exclude two opinions of Defendant's expert, Drew B. Hains, concerning the legal standard for salvage and the potential for negative environmental impact.  Defendant opposes the motion.  Plaintiff contends that Hains is not qualified to give opinions in those two areas under the Daubert standard.[1]

### A.  Legal Standard

Under the United States Supreme Court decision in Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993):

> scientific expert testimony is admissible when "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusion is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue". . . .Any proffer of scientific evidence is also

---

[1] The expert report of Mr. Hains contains nine opinions and two rebuttal opinions [DE 41-1].

2

> subject to other rules of evidence. . . [including] Rules 401, 402, 403, 702 and 703.

Allison v. McGhan Medical Corp.,184 F.3d 1300, 1309 (11th Cir. 1999) (quoting City of Tuscaloosa v. Harcros Chemicals, Inc., 158 F.3d 548, 562 (11th Cir. 1998)).

In addressing the reliability of expert methodology, "[d]istrict courts 'have substantial discretion in deciding how to test an expert's reliability . . . .'" Rink v. Cheminova, Inc., 400 F.3d 1286, 1292 (11th Cir. 2005) (quoting United States v. Majors, 196 F.3d 1206, 1215 (11th Cir. 1999)). "Daubert instructs courts to consider the following factors: (1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002); Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1341 (11th Cir. 2003) (citing Daubert, 509 U.S. at 593-94). This "test of reliability is 'flexible,' and Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999).

The relevancy portion of the Court's Daubert analysis is often referred to as "fit." In Allison, the Eleventh Circuit described this analysis as a requirement that:

> [T]he evidence must have a valid scientific connection to the disputed facts in the case. Daubert, 509 U.S. at 591, 113 S.Ct. 2786 (holding "scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes. . . . Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility"). This connection has been appropriately denominated as "fit." *Id.*

3

Allison, 184 F.3d at 1312.  The burden on this motion to exclude rests with the proponent of the expert.  McClain v. Metabolife Intern., Inc., 401 F.3d 1233, 1238, n.2 (11th Cir. 2005).

### B.  Analysis of Expert Testimony

Defendant notes at the outset of its response to the motion to exclude that Plaintiff has exaggerated the scope of the expert opinions of Hains, and, that because this case would be tried to the bench under admiralty jurisdiction, the gatekeeper function inherent in the Daubert line of cases is lessened.  Turning first to Hains Opinion 2, regarding whether salvage was performed in this case, Plaintiff argues at length that Hains has no legal training and cannot give legal definitions or invade the province of the Court as to legal rulings.  Defendant contends that Hains' actual opinion does nothing of the sort, but rather gives his expert opinion based upon a review of the evidence and scientific testing.  Mr. Hains' educational training is that of a professional engineer, with years of experience in naval architecture, include the design of vessels.  See Hains' Curriculum Vitae [DE 30-1].

Upon a review of Hains Opinion 2, only the first sentence of Opinion 2 is cast as an expert opinion regarding the definition of salvage.  The remaining nine sentences give expert opinions on the facts of this case and the actions taken by Plaintiff.  These opinions, after the first sentence, are clearly within Hains' scientific/technical expertise regarding the consequences (or lack of consequences) of actions taken (or not needed to be taken) by Plaintiff.  Therefore, the Court will only strike the first sentence of Hains Opinion 2.  The remaining portions of Opinion 2 are both sufficiently reliable as to their methodology and sufficiently connected to the disputed facts of this case to be helpful

to the Court.

Turning next to Hains Opinion 7, this opinion concerns Plaintiff's level of concern for claimed potential environmental impacts during the salvage operations. Plaintiff asserts that Mr. Hains has no education, training or experience to opine on the issue of whether or not environmental impacts would have occurred. Defendant does not disagree, but instead contends that the actual opinions of Mr. Hains are focused on what he personally reviewed from the scene and do not extend as far as Plaintiff suggests. See Expert Report at p. 11 [DE 41-1]. Mr. Hains states, with photographs to support his testimony, that the water was being pumped out from the vessel beyond the placement of the containment boom. Mr. Hains has sufficient marine qualifications in designing vessels to state that "[i]f there were any type of potential pollutant propagating throughout the internal water onboard the vessel, it would have been pumped directly into the canal." Id. This opinion does not state that there would (or would not) be any environmental impacts, but is focused on what is happening with the vessel.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Exclude Expert Testimony [DE 30] is hereby **GRANTED in part** as to the first sentence of Hains Opinion 2, and **DENIED** in all other respects.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of December, 2010.

*James I. Cohn*
JAMES I. COHN
United States District Judge

copies to:
counsel of record on CM/ECF